UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------

KEALA MONTGOMERY,

                            Plaintiff,

            -against-

CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT, NEW YORK CITY
ADMINISTRATION FOR CHILDREN'S
SERVICES, and UNITED STATES
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT,

                            Defendants.

----------------------------------------------------------

09 Civ. 06145 (RJH)

**MEMORANDUM OPINION
AND ORDER**

Richard J. Holwell, District Judge:

Defendants the City of New York (the "City"), the New York Police Department ("NYPD"), and the New York City Administration for Children's Services ("ACS") move to dismiss plaintiff *pro se* Keala Montgomery's complaint.  Because Montgomery has failed to plead the existence of any official custom or practice that caused the deprivation of her constitutional rights, and because NYPD and ACS are nonsuable City agencies, this motion is GRANTED.

**BACKGROUND**

On May 20, 2009, Montgomery filed suit in New York Supreme Court against the City, NYPD, ACS, and the United States Department of Housing and Urban Development ("HUD").  Montgomery's complaint alleges that in March 2009, a woman who lived in Montgomery's building reported Montgomery to the police for assaulting

her.  (DePaul Decl. Ex. A (hereinafter "Compl.") ¶ 4.)  Montgomery was subsequently

arrested "without due process" and "detained for over 5 hours at a holding cell."  (*Id*.)

Montgomery also alleges that on a separate occasion, "security at the front desk" of "a

public facility" called the police for an "unknown reason," and that upon their arrival, the

police "looked through [Montgomery's] bags, and interrogated [her] in the street."  (*Id*.)

On July 8, 2009, defendants removed the action to this Court.  On December 2,

2009, HUD filed a motion to dismiss on the ground that the complaint did not make any

substantive allegations against it.  On June 1, 2010, Montgomery sent a letter titled

"Amended Complaint" to Magistrate Judge Ronald L. Ellis.  Construing that letter as a

motion to amend a complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), this

Court granted HUD's motion to dismiss and denied Montgomery's motion to amend on

September 7, 2010.  *See Montgomery v. City of New York*, No. 09 Civ. 6145, 2010 WL

3563069, at *1, *2 (S.D.N.Y. Sept. 7, 2010).  The remaining defendants—the City,

NYPD, and ACS—subsequently filed the current motion to dismiss on November 9,

2010.[1]

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough

facts to state a claim to relief that is plausible on its face."  *Starr v. Sony BMG Music

Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Bell Atlantic Corp. v.*

---

[1] Defendants filed this motion pursuant to the Court's scheduling order dated October 4, 2010, which required, *inter alia*, that Montgomery's opposition papers be filed no later than December 8, 2010.  (ECF document no. [22] at 2.)  Defendants' Notice of Motion likewise contains the instruction: "**PLEASE TAKE FURTHER NOTICE** that pursuant to the Court's Order dated October 4, 2010, opposition papers, if any, are due on or before December 8, 2010."  (Defs.' Notice of Motion at 1.)  Having received no opposition papers to date, the Court now decides this motion.

*Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  If the factual averments permit no reasonable inference stronger than the "mere possibility of misconduct," the complaint should be dismissed.  *Starr*, 592 F.3d at 321 (quoting *Iqbal*, 129 S. Ct. at 1950).  Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  In applying this standard of facial plausibility, the Court takes all "factual allegations to be true and draw[s] all reasonable inferences in the plaintiff's favor.  *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).  But the Court does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action."  *Iqbal*, 129 S. Ct. at 1949.

Because "[p]*ro se* plaintiffs might not have the legal ken of attorneys," *Springs v. Board of Education*, No. 10 Civ. 1243, 2010 WL 4068712, at *2 (S.D.N.Y. Oct. 14, 2010), they are held to less stringent pleading standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "The court must construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest."  *Fehrlin v. Liebowitz*, No. 10 Civ. 5027, 2010 WL 4844395, at *1 (S.D.N.Y. Nov. 29, 2010).

As a preliminary matter, NYPD and ACS are nonsuable entities and as such this action must be dismissed as against them.  This is because NYPD and ACS "are merely agencies of the City of New York and cannot be independently sued for damages." *DeMartino v. Kruger*, No. 09-CV-305, 2011 WL 1326665, at *7 n.6 (E.D.N.Y. Mar. 31,

2011) (dismissing claims against NYPD); *see Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) (dismissing claims against ACS); *see also* N.Y. City Charter Ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").  Thus, the only suable entity Montgomery names is New York City.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983[2] on a respondeat superior theory."  *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id.* at 694.  *See also Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) ("To ultimately prevail on his municipal liability claim against the City, [a plaintiff] must establish that violations of his constitutional rights were precipitated by a municipal policy or custom.").  Thus, "[t]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements:  (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007).

---

[2] Though Montgomery cites no statutory basis for her claims, nor identifies any specific cause of action, her claims sound most closely in false arrest.

Assuming, *arguendo*, that Montgomery has pled the existence of a constitutional violation,[3] she has failed to plead the existence of a policy or custom that allegedly caused that violation.  A plaintiff sufficiently pleads a policy or custom by alleging any of the following:

> (1) the existence of a formal policy which is officially endorsed by the City; (2) actions taken or decisions made by City officials with final decision making authority which caused the alleged violations of [] civil rights; (3) a City practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of policymaking officials; or (4) a failure by City policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees.

*Allen v. Mattingly*, No. 10 CV 667, 2011 WL 1261103, at *14 n.15 (E.D.N.Y. Mar. 29, 2011) (citing *Sulehria v. City of New York*, 670 F. Supp. 2d 288, 320 (S.D.N.Y. 2009)).

At the same time, "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government]."  *Hayes v. Perotta*, 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . .").  Likewise, two incidents together are insufficient to establish a custom or practice.  *See Giaccio v. City of New York*, 502 F. Supp. 2d 380, 389 (S.D.N.Y. 2007) (evidence that New York City Department of Transportation leaked medical records of two employees insufficient to

---

[3] At least as to her arrest, the existence of a constitutional violation is suspect since Montgomery's complaint states that she was arrested after a woman named Leana Grahms reported to the police that Montgomery had assaulted her.  "It is well settled that the existence of probable cause is a complete defense to claims of false arrest and malicious prosecution under § 1983."  *Beckles v. City of New York*, No. 08 Civ. 3687, 2011 WL 722770, at *3 (S.D.N.Y. Feb. 25, 2011).  And, "[w]hen information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity."  *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).  As Montgomery alleges no facts indicating any reason police should have disbelieved Grahms—indeed the complaint does not even allege that Grahms's report of assault was false—even when taking the allegations in the complaint as true, police had probable cause to arrest Montgomery.

support Section 1983 claim against City because "the combined evidence of only two incidents would still be insufficient to show a 'custom or usage' under the *Monell* standard"); *Bowles v. City of New York*, Nos. 00 Civ. 4213, 03 Civ. 3073, 2006 WL 1418602, at *16 & n.31 (S.D.N.Y. May 23, 2006) (two denied requests for Sundays off work); *see also Davis v. City of New York*, 228 F. Supp. 2d 327, 346 (S.D.N.Y. 2002) ("[*T*]*wo incidents* of unconstitutional conduct by low-level employees in a city agency with over 35,000 employees can never provide a reasonable basis for finding a *widespread* or *well-settled* custom.") (emphasis in original).

Montgomery essentially alleges two wrongs: (1) that police "arrested [her] without due process" and "detained [her] for over 5 hours at a holding cell" after Leana Grahms reported that Montgomery assaulted her; and (2) that police "looked through [her] bags, and interrogated [her] in the street" after "security at the front desk" of a "public facility" "called NYPD for unknown [sic] reason."  (Compl. ¶ 4.)  She fails to allege, however, any formal policy, any acts of City officials with final decision making authority, or any failure to train.  *Cf. Allen*, 2011 WL 1261103, at *14 n.15.  In addition, the two random and isolated incidents Montgomery experienced at the hands of police cannot establish a practice or custom so widespread that knowledge of it is imputed to policymakers.  *See Davis*, 228 F. Supp. 2d at 346.  Thus Montgomery has failed to plead the existence of a policy or custom, and her claims against the City must be dismissed.

## CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss [23] is GRANTED. This dismissal is without prejudice and Montgomery may file an amended complaint within sixty days of the date of this opinion.  Montgomery may contact the Pro Se Office in this Courthouse for assistance in preparing any amended complaint, at: United States District Court of the Southern District of New York, Pro Se Office, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 230, New York, New York, 10007; or by calling, between 8:30 a.m. and 5:00 p.m., Monday through Friday, 212-805-0175.


SO ORDERED.


Dated: New York, New York
       May 9, 2011

                                        Richard J. Holwell
                                        United States District Judge

7